This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 31,163**

**ALLEN W. HENSLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals the denial of his motion to dismiss for violation of his right

to a speedy trial. In our notice, we proposed to affirm the denial. Defendant has timely responded. We have considered his arguments and finding them unpersuasive, we affirm.

In our calendar notice, we concluded that a delay of fifteen months in a case that we assumed was an easy case was sufficient to trigger an examination of the other *Barker v. Wingo*, 407 U.S. 514 (1972), factors. However, we proposed not to weigh the length of delay heavily in Defendant's favor because it was only three months beyond the twelve month trigger. *See State v. Stock,* 2006-NMCA-140, ¶ 13, 140 N.M. 676, 147 P.3d 885 ("In determining the weight to be given to the length of the delay, we consider the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." (internal quotation marks and citation omitted)).

Defendant argues that the length of delay should weigh heavily against the State because the case was undeniably easy and the State indicated that it was ready for trial in September 2009, ten months before trial actually occurred. Simply because the State indicated that it was ready for trial does not mean that a trial date could be set and that all the witnesses were available. The first trial setting was in November 2009, but was continued because a witness was not present and then because the jurors could not be notified. The next available trial setting was in July 2010. The fact that

the State was prepared but was unable to get a trial setting has no effect on weight given for the length of delay. This factor is simply a measure of time. As the delay was only three months beyond the twelve month triggering date, we weigh this factor slightly against the State.

In weighing the reasons for the delay, we proposed to conclude that the delay was solely the State's responsibility. But, again, we did not weigh this factor heavily against the State because it appeared that there was a change in defense counsel during this time. Defendant argues that all of the continuances and extensions of the rule were requested by the State. Many of the continuances were caused by the State's failure to properly ensure that its witnesses would be present for trial or by its failure to ensure that Defendant was transported from jail for trial. We recognize that the State's negligence causing delay does not weigh as heavily as delay that can be characterized as "bureaucratic indifference." *See Stock*, 2006-NMCA-140, ¶ 25. Likewise, delay that is intended to harm the defense will weigh heavily against the State. *State v. Garza*, 2009-NMSC-038, ¶ 26, 146 N.M. 499, 212 P.3d 387.

It appears that the delay was caused by the State's negligence rather than any bureaucratic indifference or intent to harm the defense. Therefore, we conclude that the reasons for the delay will weigh against the State, but not heavily.

Defendant takes issue with our statement that the appointment of new counsel

may have caused some delay in trial settings. It was unclear to us from the docketing statement and the record proper what effect appointment of new counsel for Defendant may have had on trial settings. Defendant asserts that it had no effect. We accept his assertion, but we do not find that it changes our conclusion that negligent delay will weigh only slightly against the State.

Defendant argues that his assertion of his right to a speedy trial was forcefully made and that this factor should weigh heavily in his favor. The requests for a speedy trial made in defense counsels' entries of appearance have been deemed pro forma and do not weigh heavily in a defendant's favor. *State v. Urban,* 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061. We recognize that an objection to an extension of time is persuasive, but not conclusive, evidence that Defendant asserted his right to a speedy trial. *See State v. Gallegos*, 2010-NMCA-032, ¶ 24, 148 N.M. 182, 231 P.3d 1124. Defendant also withdrew a request to have jury selection be consolidated with his trial when he was told that it would result in a vacated trial setting. [MIO 12] He argues that this surely shows that he sought to be tried in a timely manner. We continue to conclude that Defendant asserted his right to a speedy trial.

However, the factor toward which the right to a speedy trial is directed—prejudice to Defendant—is not present here. As we pointed out in our notice, a defendant is required to make a particularized showing of prejudice and cannot rely

on presumptive prejudice. *Garza*, 2009-NMSC-038, ¶ 35. In our notice, we pointed out that Defendant made no showing of prejudice to the district court. Defendant does not assert otherwise in his memorandum in opposition. Rather, he presents this Court with certain facts that he asserts show that he suffered prejudice by the delay in his trial.

This Court is a court of review and cannot consider matters that were not argued to the district court. Defendant failed to meet his burden below of showing particularized prejudice of the kind against which the speedy trial right is intended to protect. The other factors do not weigh so heavily in Defendant's favor as to outweigh his failure to show any prejudice in the district court. *See State v. Montoya*, 2011-NMCA-074, ¶ 11, 150 N.M. 415, 259 P.3d 820 (stating that a defendant may still show violation of the speedy trial right if the length of delay and the reasons for the delay weigh heavily in the defendant's favor and the defendant has asserted his right and not acquiesced to the delay).

Therefore, for the reasons stated herein and in our calendar notice, we affirm the denial of Defendant's motion to dismiss for violation of his right to a speedy trial.

**IT IS ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

5

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**